UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert McDaniel Cox, | ) C/A No. 2:11-02961-DCN-BM |
| Plaintiff, | ) |
| vs. | ) |
| Lance Corporal Ronald Deal, of the South Carolina Highway Patrol; | ) |
| 2nd Highway Patrol Officer, who arrived after Plaintiff was arrested by Lance Corporal Ronald Deal; | ) |
| South Carolina Highway Patrol; | ) Report and Recommendation |
| South Carolina Department of Public Safety, | ) |
| Defendants. | ) |

Plaintiff, Robert McDaniel Cox ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Further, as the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976).

Even when considered under this less stringent standard, however, the undersigned finds and concludes for the reasons set forth hereinbelow that the *pro se* Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear



1

failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

The Complaint's allegations are stated below, verbatim:

With respect to Defendants' involvement in Uniform Traffic Ticket #E074246, Defendants ignored the duties, obligations and responsibilities, as well as the restrictions, limitations, prohibitions, placed upon Defendants by specific Articles, Amendments and Clauses of the Constitution of the United States. Defendants' willful ignorance resulted in multiple violations of rights guaranteed to Plaintiff, which are clearly and specifically enumerated in the Constitution of the Unites Stated. Plaintiff seeks redress for the following causes of action:

1. Violation of Constitutionally required Oath of Office - Article VI of the Constitution of the United States **binds** all judges and judicial officers, including the Defendants, to recognize and support the Constitution of the United States as the supreme Law of the Land. The actions of the Defendants with respect to Defendants' involvement in Uniform Traffic Ticket #E074246 violate this requirement.

2. Violation of Constitutionally required procedure - Amendment V clearly and specifically states that "No person shall . . . be deprived of life , liberty, or property, without due process of law; . . ." and Article III clearly and specifically states that "due process" for "The Trial of all Crimes . . . shall be by Jury; . . ." The actions of the Defendants with respect to Defendants' involvement in Uniform Traffic Ticket #E074246 violate these requirements.

Plaintiff seeks monetary damages for the Defendants' actions.

## Discussion

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* "some person has deprived him of a federal right," and *(2)* "the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The instant Complaint alleges constitutional violations by two Highway Patrol Officers and two state agencies allegedly involved in Uniform Traffic Ticket #E074246. However, two of the named

2



Defendants, the South Carolina Highway Patrol and the South Carolina Department of Public Safety, are immune from Plaintiff's claim for damages, as the Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). State agencies and state instrumentalities, such as the South Carolina Highway Patrol and the South Carolina Department of Public Safety, share this immunity when they are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997).[1] Hence, as the South Carolina Highway Patrol and South Carolina Department of Public Safety are protected from suit under § 1983 by Eleventh Amendment immunity, these two state agency Defendants are entitled to summary dismissal from this case.

With respect to the two Highway Patrol Officers named as Defendants in this case, this is the third § 1983 action brought by Plaintiff in this District Court claiming a violation of his constitutional rights by Defendant Lance Corporal Ronald Deal of the South Carolina Highway Patrol and a second unidentified Highway Patrol Officer associated with Uniform Traffic Ticket #E074246. *See Robert McDaniel Cox v. Lance Corporal Ronald Deal, et al.*, Civil Action No. 2:11-cv-02952-DCN-BM (D.S.C.)(filed October 31, 2011); *Robert McDaniel Cox v. Officer NFN Dell, et al.*, Civil Action No. 2:09-cv-02715-DCN (D.S.C. filed October 19, 2009).[2] Plaintiff's first case

---

[1] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, although a State may consent to a suit in a federal district court, *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984), the State of South Carolina has not consented to such actions. *See* S.C. Code Ann. § 15-78-20(e).

[2] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).



against these Defendants, Civil Action No. 09-2715, resulted in summary judgment being granted in favor of the Defendants on October 1, 2010, while Plaintiff's second case naming both Defendant Deal and an unidentified Highway Patrol Officer, Civil Action No. 11-2952, alleges nearly identical allegations as the instant pleading and is currently pending before this Court.

The present Complaint, like Civil Action No. 11-2952, fails to provide any specific factual allegations against the Defendant Highway Patrol Officers.  In order to proceed under § 1983, A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights; *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977); and when a complaint contains no personal allegations against a defendant, that defendant is properly dismissed.  *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Curtis v. Ozmint*, C/A No. 3:10-3053-CMC-JRM, 2011 WL 635302 at *4 n.5 (D.S.C. Jan. 5, 2011)*; Whaley v. Hatcher*, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008).

Although the Court must liberally construe the *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to state a claim.  *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989).  Rather, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003).  The instant Complaint's general claims, absent any factual allegations against the Defendant Highway Patrol Officers, are insufficient to state a cognizable claim under § 1983.  Therefore, Defendant Deal and the unidentified Highway Patrol Officer are entitled to dismissal of this case for failure to state a claim upon which relief can be granted.  Further, to the extent the Complaint duplicates issues in Plaintiff's previous cases, it should be dismissed in the interests of judicial economy and efficiency. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)("The



District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

## Recommendation

Accordingly, it is recommended that the Court dismiss the Complaint in the above-captioned case without prejudice. Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

November 28, 2011
Charleston, South Carolina



5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

